IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLIN FLETCHER** | : | **CRIMINAL NO. 95-cr-243-1** |
| v. | : | |
| **UNITED STATES** | : | **CIVIL ACTION NO. 06-cv-5183** |

## MEMORANDUM AND ORDER

Congress has provided that a writ of habeas corpus may issue to a prisoner pursuant to 28 U.S.C. §2255 for constitutional attacks on the ***imposition*** of a federal conviction and/or a federal sentence.  Congress has also provided that a writ of habeas corpus may issue to a prisoner pursuant to 28 U.S.C. §2241 for attacks on the constitutionality of the ***execution*** of a federal sentence (that do not attack the ***imposition*** of a federal conviction and/or federal sentence).  Okereke v. United States, 307 F.3d 117 (3rd Cir. 2002); Cradle v. United States ex rel Miner, 290 F.3d 536 (3rd Cir. 2002); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001); In Re: Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

Petitioner was convicted and sentenced by this court in 95-cr-243-1.  On November 22, 2006, petitioner filed a petition in this court, labeled 06-cv-5183 by the Clerk of this Court, purportedly seeking Habeas Corpus relief pursuant to §2241, in which he seeks to attack the constitutionality of the imposition of his conviction and/or sentence in 95-cr-243-1; accordingly, the instant petition seeks relief that theoretically is only available pursuant to 28 U.S.C. §2255, and not 28 U.S.C. §2241.

The fact that relief pursuant to 28 U.S.C. §2255 may possibly be barred pursuant to AEDPA's second or successive rule does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241.  Okereke v. United States, 307

1

F.3d 117 (3rd Cir. 2003); United States v. Dorsainvil, 119 F.3d 245 (3rd Cir. 1997). Pursuant to USA v. Miller, 197 F.3d 644 (3d Cir. 1999), this court may not re-characterize such a document as a 28 U.S.C. §2255 petition without first getting the petitioner's consent.  Accordingly, this court issued an Order on December 21, 2006 requesting such consent, and notifying petitioner that if he insisted that 06-cv-5183 proceed as a 28 U.S.C. §2241 petition, that 06-cv-5183 would be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.  On January 25, 2006, petitioner notified this court that he did not consent to the recharacterization of 06-cv-5183 as a 28 U.S.C. §2255 petition.  Accordingly, this 15th Day of March, 2007, it is hereby **ORDERED** that 06-cv-5183 is **DISMISSED WITHOUT PREJUDICE**, and, it is further **ORDERED** that the Clerk of this Court shall mark 06-cv-5183 as **CLOSED** for all purposes, including statistics.

      /s/ J. Curtis Joyner
**J. CURTIS JOYNER, U.S. District Judge**